UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

DAVID BOGLE AND GLADYS BOGLE,

                    Plaintiffs,

-against-                                MEMORANDUM
                                        AND ORDER
RAYON HENRY,                               06-CV-5310 (ENV)

                    Defendant.
——————————————————————X



VITALIANO, United States District Judge:

Landlords David and Gladys Bogle, plaintiffs, brought summary proceeding for nonpayment of rent in a New York state court. The tenant, defendant Rayon Henry, then filed the instant notice of removal. Defendant paid the filing fee to commence this action. Because the petition for nonpayment of rent does not raise a federal claim so as to make it subject to removal, the action is remanded to state court.

**I. Background**

Defendant is the tenant in a summary proceeding for nonpayment of rent brought on August 31, 2006 by plaintiffs in the Civil Court of the City of New York, County of Kings, Housing Part. Bogle v. Henry, Index No. 90765106. On September 26, 2006, defendant filed a notice of removal in this Court. He claims a right to remove pursuant to federal question jurisdiction on the grounds (1) of "unfair and deceptive collection practices" which violate "federal collection statu[t]es, an[d] civil Rights and Constitutional Rights;" (2) that the landlords' refusal to accept rent by mail raises a federal question; (3) the landlords' action is "Retaliatory after a family meeting" wherein plaintiff raised the possibility of his right to inherit

1

the property; and (4) "26 U.S.C. § 5657(D)(ii)(b)(I)(ii), the provision of Heir Statu[t]ues super[c]ede any of plaintiff state court claims." Notice of Removal at 1-2.

**II. Discussion**

A federal court is one of limited jurisdiction, and it is obliged to inquire into its jurisdiction *sua sponte* whenever it appears that it may lack power to hear and determine a case before it. Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006). Moreover, it is the duty of the Court to raise the question of removal jurisdiction *sua sponte*, if appropriate. Mignogna v. Sair Aviation, Inc., 937 F.2d 37, 40 (2d Cir. 1991). As explained below, the defendant has failed to meet the burden of proving a right to removal. Therefore, under well settled principles of limited federal jurisdiction, the Court is obligated to decline removal and remand this case.

28 U.S.C. § 1441(a) permits the removal of a state court action by the defendant if the action is one "of which the district courts of the United States have original jurisdiction." The removal statutes are to be strictly construed, Somlyo v. J. Lu-Rob Enters, Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991), and doubts as to the existence of federal jurisdiction are to be resolved in favor of state court jurisdiction, Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994). 28 U.S.C. § 1331,[1] upon which defendant relies, confers upon the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

It long has been clear that the basis for federal jurisdiction must appear on the face of the complaint filed in state court. Met. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Fleet Bank,

---

[1] The only other basis for original jurisdiction, diversity jurisdiction pursuant to 28 U.S.C. § 1332, does not apply to this action. While plaintiff Gladys Bogle resides in Florida, both defendant and plaintiff David Bogle reside in New York state.

N.A. v. Burke, 160 F.3d 883, 885-86 (2d Cir. 1998), cert. denied, 527 U.S. 1004 (1999); Marcus v. AT&T Co., 138 F.3d 46, 52 (2d Cir. 1998). The assertion of a federal claim by way of defense to a state court action affords no basis for removal. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392-93 (1987) (Under the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available.)

Here, the petition in the nonpayment proceeding raises no federal claim. Because defendant's claim against his landlords arises out of a dispute over his tenancy, federal court is not the proper forum. Landlord-tenant relations are a matter of state law. Hearn v. Lin, No. 01-CV-8208, 2002 WL 720829 (E.D.N.Y. Feb. 14, 2002); see McAllan v. Malatzky, No. 97 CV 8291, 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing court matter as a violation of his constitutional rights), aff'd, 173 F.3d 845 (table) (2d Cir. 1999); DiNapoli v. DiNapoli, No. 95 Civ.7872, 1995 WL 555740, at *1 (S.D.N.Y. Sept. 19, 1995) (federal courts do not have subject matter jurisdiction over landlord-tenant matters); Chiania v. Broadmoor Associates, No. 94 Civ. 0613, 1994 WL 30412, at *1 (S.D.N.Y. Feb. 2, 1994) (finding no subject matter jurisdiction over landlord-tenant matters). Defendant's notice of removal is an attempt to move a nonpayment of rent claim from housing court to federal court. See National Cold Storage Co. v. Port of New York Authority, 286 F. Supp. 1016, 1018-19 (S.D.N.Y. 1968) (Fourteenth Amendment claim "unsubstantial" and does not provide district court with federal question jurisdiction over what is a state law claim). This Court is not the proper forum to resolve the alleged nonpayment of rent at 585 East 93rd Street in Brooklyn.

Since it is "unmistakably clear" that the Court lacks jurisdiction, Snider v. Melindez, 199 F.3d 108, 113 (2d Cir.1999), the Court declines removal and remands this case to the state court for lack of subject matter jurisdiction. 28 U.S.C. § 1446(c)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand).

**Conclusion**

The action is remanded to the New York City Civil Court, Kings County, Housing Part pursuant to 28 U.S.C. § 1446(c)(4). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to send a certified copy of this Order to the Clerk of Civil Court of the City of New York, County of Kings Housing Part, and to close the case in this Court.

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
October 12, 2006